UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZOE EDWARDS,

    Plaintiff,

v.                           CASE NO.: 3:20-cv-1054-J-34JRK

MHM HEALTH
PROFESSIONALS, LLC

    Defendant.
_____/

## FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff ZOE EDWARDS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant MHM HEALTH PROFESSIONALS, LLC, (hereinafter "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. This is an action brought under §448.102, Florida Statutes.

2. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

## THE PARTIES

3. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Union County, Florida.

4. At all times pertinent hereto, Plaintiff, ZOE EDWARDS, has been a resident of the State of Florida and was employed by Defendant, as a Director of Nursing, from May 2016 to August 2019. Plaintiff is a member of a protected class because she objected to Defendant's violations of various laws, rules, and/or regulations and became the victim of retaliation.

5. At all times material to this action, Defendant, MHM Health Professionals, LLC, is a Limited Liability Company operating as a medical center at 7765 South County Road 231, Lake Butler, Florida 32054.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF FACTS

7. Plaintiff routinely objected to and complained to Pricilla Roberts, Hospital Administrator, Reception Medical Center (hereinafter "RMC"), Ashley Weseman, Executive Director of Nursing at RMC, and Troy Kilpatrick, Statewide Director of Nursing, regarding Centurion's persistent violation of the laws, rules and regulations governing skilled care facilities and inmate-patient care. Plaintiff consistently complained and objected to Ms. Roberts, Ms. Weseman and Mr. Kilpatrick about the fact that Centurion was failing to adequately staff RMC and meet facility standards for patient care in conformity with Florida law. Plaintiff possessed a good faith, objectively reasonable belief that the habitual understaffing of the facility and failure

to provide standard healthcare to inmate-patients is in violation of the law and lead to multiple incidents involving patient safety, patient dignity and breaches of the standard of care. Plaintiff vehemently objected to and demanded the issues be remedied. Plaintiff also complained about Defendant accepting payment from the State of Florida to provide certain health services to state inmates, but then not providing those same services.

8. Plaintiff's nursing license was subject to discipline since she was charged with overseeing the nursing care provided at RMC and could not attend to patient needs. Defendant also ordered her to violate the rules governing her nursing license. Plaintiff voiced her objections to understaffing weeks before her termination.

9. In June 2019, Plaintiff contacted Mr. Kilpatrick to complain about the understaffing issues at RMC. These issues necessarily included but were not limited to Defendant not administering the care to patients it had been paid to provide and as required by Florida law. As a direct result of that email, Ms. Weseman and Ms. Roberts wrote Plaintiff up on June 28, 2019 and accused her of "jumping her chain of command" even though prior to Plaintiff lodging her complaint, she was allowed to freely contact Mr. Kilpatrick. Additionally, Ms. Weseman and Ms. Roberts alleged that Plaintiff did not complete wound care. Plaintiff put in writing on her Employee Counseling form, "Wound care was not completed, as we did not have the staff.  There are now two written complaints that Plaintiff has voiced understaffing being an issue in treating her patients." Wound care is just one instance of Defendant receiving funding for care it did not provide.  Instead of addressing Plaintiff's concerns for patient care, Ms. Weseman and Ms. Roberts disciplined Plaintiff and changed the terms and conditions of her employment.

10. On or about June 29, 2019, Plaintiff emailed Lisa Lynch, Human Resource

Manager for Centurion, and carbon copied Tamara Taylor, Regional Director of Nursing Florida, and Mr. Kilpatrick to address what had occurred in the meeting with Ms. Weseman. Once again, Plaintiff cried out for help stating, "When I first took over the hospital I was overwhelmed with all the duties I was given, and I asked for help and more staff. I have been working 5 days a week, 10 hour shifts, to make sure everything I am responsible for is done. I have gone above and beyond to improve the hospital, with little help from administration…I do not want to be yelled at, and belittled by my administrator. This is bullying and I would like to file a formal complaint."

11. After speaking with Ms. Lynch, Plaintiff contacted Joanna Bryan to file her complaint on July 2, 2019. Ms. Lynch followed up with Plaintiff on July 10, 2019 stating that she understood that Plaintiff had a phone conference with Kim Rye, Regional Director of Nursing Florida and Ms. Taylor. Plaintiff responded that she had a productive call and that she would be meeting with them on July 11, 2019.

12. On July 12, 2019, Plaintiff showed up to her meeting with Ms. Rye and Ms. Taylor, only to find that Ms. Roberts was present as well. Plaintiff was prevented from voicing all of her concerns in this meeting.

13. On or about July 22, 2019, Ms. Roberts and Ms. Weseman issued Plaintiff another write up, just ten days after her meeting with Ms. Rye, Ms. Taylor and Ms. Roberts.

14. Plaintiff filed a formal complaint that same day with Human Resources. Plaintiff also formally complained to the assistant warden about Centurion's illegal activities. Two weeks later, Plaintiff's supervisor suspended her without pay and ultimately fired her within four weeks of her engaging in the protected activity.

15. Plaintiff has retained the undersigned to represent her interests in this cause and is

obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws set forth above.

## COUNT I

## VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER ACT, FLA STAT §448.102 AS TO DEFENDANT

16. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 15, above, as if fully set forth herein.

17. Florida Statute §448.102 *et seq.*, expressly provides that an employer may not take any retaliatory action against an employee because the employee has: "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

18. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Florida Statutes §448.101(2).

19. At all times material to this action, Defendant was an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

20. Defendant violated Florida Statutes §448.102 by taking retaliatory personnel actions against Plaintiff, to include formally disciplining, changing the terms and conditions of employment and ultimately termination, because of her complaints to Defendant and/or complaining to an appropriate government agency where she possessed a good faith, objectively reasonable belief that Defendant's actions were violations of the Florida and/or Federal law.

21. Defendant and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury

and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendant contributed to Plaintiff 's damages, injuries, and losses.

22. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff; enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(c) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(e) award Plaintiff interest where appropriate; and

(f) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this __ day of November, 2020.

Respectfully submitted,

**s/ Thomas L. Dickens, III**
Thomas L. Dickens, III
Florida Bar No.: 63867
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:     (407) 418 2042
Facsimile:      (407) 245-3354
Email: tdickens@forthepeople.com
Secondary Email: mfermaint@forthepeople.com
Attorney for Plaintiff